**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO GONZALEZ SALMERON, | No. 20-70474 |
| Petitioner, | Agency No. A200-711-423 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before: SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Armando Gonzalez Salmeron, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Gonzalez Salmeron failed to establish a clear probability of future persecution on account of a protected ground.[2] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Gonzalez Salmeron's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Gonzalez Salmeron failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

---

[1] Gonzalez Salmeron does not challenge the agency's denial of his asylum application.

[2] Because Gonzalez Salmeron's failure to demonstrate a nexus to a protected ground is dispositive, we do not reach his contention that the BIA failed to adequately analyze his particular social group arguments. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (internal citation omitted).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**